IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| RODNEY ALVERSON,<br>AIS # 132431, | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:26-CV-198-WKW |
| | ) | [WO] |
| IC SOLUTIONS, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

## I. INTRODUCTION

Plaintiff Rodney Alverson, an inmate in the custody of the Alabama Department of Corrections (ADOC), filed this *pro se* 42 U.S.C. § 1983 complaint against four Defendants:  IC Solutions; John Hamm; Warden Norman; and Warden McKee.  (Doc. # 1.)  However, Plaintiff has filed at least three federal lawsuits that have been dismissed as frivolous, malicious, or for failure to state a claim, and Plaintiff has not demonstrated that he is in imminent danger of serious physical injury to allow him to proceed *in forma pauperis* in this action.  *See* 28 U.S.C. § 1915(g).  Hence, he was required to pay the $405.00 filing fee at the time he

initiated this action.[1]  Because he did not submit the $405.00 filing fee, this action will be dismissed without prejudice under § 1915(g).

## II.  DISCUSSION

The Prison Litigation Reform Act (PLRA) imposes specific restrictions on civil rights lawsuits filed by inmates in federal court.  One key restriction is known as the "three strikes" provision, which states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

§ 1915(g).  Section 1915(g)'s purpose is "to curtail abusive prisoner litigation." *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (per curiam); *see also Wells v. Brown*, 58 F.4th 1347, 1355 (11th Cir. 2023) ("By taking away the privilege of proceeding in forma pauperis from prisoners who have struck out, the rule is 'designed to filter out the bad claims and facilitate consideration of the good.'" (quoting *Jones v. Bock*, 549 U.S. 199, 204 (2007)).  Under this provision, if a prisoner has three or more qualifying dismissals ("strikes") and fails to pay the required $405.00 fee at the time the new complaint is filed, the court must dismiss

---

[1] If a person is not granted *in forma pauperis* status under 28 U.S.C. § 1915, the filing fee for a non-habeas civil action includes a $350.00 statutory fee under 28 U.S.C. § 1914(a) and a $55.00 general administrative fee, as set forth in § 1914(b) and the District Court Miscellaneous Fee Schedule established by the Judicial Conference of the United States.

the case without prejudice.  *See Dupree*, 284 F.3d at 1236.  As the Eleventh Circuit

explained in *Dupree*, the three-striker cannot cure such failure by paying the filing

fee after the complaint has been filed:

> We conclude that the proper procedure is for the district court to dismiss
> the complaint without prejudice when it denies the prisoner leave to
> proceed *in forma pauperis* pursuant to the three strikes provision of
> § 1915(g).  The prisoner cannot simply pay the filing fee after being
> denied *in forma pauperis* status.  He must pay the filing fee at the time
> he *initiates* the suit.

*Id.*; *accord Daker v. Ward*, 999 F.3d 1300, 1310 (11th Cir. 2021).

Plaintiff has filed numerous civil actions in the United States District Courts

for the Northern and Middle Districts of Alabama while incarcerated and has

accumulated at least three strikes under § 1915(g).[2]  *See, e.g.*, *Alverson v. Jefferson

Cnty.*, No. 2:08-cv-363-SLB-JEO (N.D. Ala. filed Feb. 29, 2008) (dismissed January

8, 2009, for failure to state a claim upon which relief can be granted under 28 U.S.C.

§ 1915A(b)(1)); *Alverson v. Microsoft Corp.*, No. 2:10-cv-2696-LSC-JEO (N.D.

Ala. filed Oct. 4, 2010) (dismissed April 18, 2010, for failure to state a claim upon

---

[2] Courts regularly take judicial notice of a prisoner's litigation history in federal courts when
determining whether the prisoner has accrued three strikes under § 1915(g).  *See, e.g.*, *Lloyd v.
Benton*, 686 F.3d 1225, 1226 (11th Cir. 2012) (noting the district court took "judicial notice of [the
prisoner's] status as a 'three strikes' litigant under the PLRA"); *Lee v. Fla. Dep't of Corr.*, 2025
WL 1113423, at *1 & n.1 (S.D. Fla. Apr. 15, 2025) (taking judicial notice of the prisoner's prior
federal lawsuits to dismiss the action under the "three-strikes" rule); *Burton v. Walker*, 2025 WL
241115, at *2 (M.D. Ala. Jan. 17, 2025) (taking judicial notice of its own records to evaluate the
prisoner's three-strikes status under § 1915(g)); *see also United States v. Glover*, 179 F.3d 1300,
1303 n.5 (11th Cir. 1999) ("A court may take judicial notice of its own records and the records of
inferior courts." (citation omitted)).  Moreover, the final dispositions of a prisoner's prior federal
lawsuits "can be accurately and readily determined from sources whose accuracy cannot
reasonably be questioned." Fed. R. Evid. 201(b)(2).  The provided list of Plaintiff's "strikes" may
not be exhaustive.

which relief can be granted under 28 U.S.C. § 1915A(b)(1)); and *Alverson v. Microsoft Corp.*, No. 2:11-cv-526-AKK-JEO (N.D. Ala. filed Feb. 14, 2011) (dismissed November 29, 2011, for failure to state a claim upon which relief can be granted under 28 U.S.C. § 1915A(b)(1)).   These dismissals place Plaintiff in violation of § 1915(g).[3]   Consequently, multiple subsequent civil actions filed by Plaintiff have been dismissed pursuant to § 1915(g)'s three-strikes provision. *See, e.g.*, *Alverson v. Internal Revenue Serv.*, No. 2:22-cv-349-WHA-JTA (M.D. Ala. filed June 8, 2022) (dismissed August 12, 2022, pursuant to § 1915(g)); *Alverson v. Hamm*, No. 2:22-cv-392-MHT-CSC (M.D. Ala. filed July 5, 2022) (dismissed August 10, 2022, pursuant to § 1915(g)); *Alverson v. Securus Techs.*, No. 2:22-cv-602-WKW-JTA (M.D. Ala. filed Oct. 7, 2022) (dismissed November 29, 2022, pursuant to § 1915(g)); and *Alverson v. Securus Techs., LLC*, No. 2:24-cv-558-RAH-CSC (M.D. Ala. filed Aug. 30, 2024) (dismissed November 14, 2024, pursuant to § 1915(g)).

Because Plaintiff has accrued three strikes under § 1915(g), he cannot proceed *in forma pauperis* in this case.   He was required to pay the $405.00 filing fee at the

---

[3] Plaintiff filed a handwritten complaint and did not use an inmate complaint form.   He does not disclose any of his litigation history.   Over the years, Plaintiff has filed, collectively, 51 lawsuits in the Northern and Middle Districts.   Additionally, Plaintiff has been advised previously by federal courts in at least four separate cases that he is subject to the three-strikes bar under § 1915(g).   Plaintiff is cautioned that his status as a *pro se* litigant does not excuse him from the obligation to provide truthful and complete information regarding his litigation history and that a failure to do so in future actions, following notice and an opportunity to respond, may serve as an independent basis for dismissal of those actions as a sanction. *See Mitchell v. Nobles*, 873 F.3d 869, 875 (11th Cir. 2017).

time he initiated this action and did not do so.  However, there is an exception to the three-strikes rule:  A three-striker can proceed *in forma pauperis* if he was "under imminent danger of serious physical injury" at the time he filed his complaint.  28 U.S.C. § 1915(g); *see also Daker v. Ward*, 999 F.3d 1300, 1310–11 (11th Cir. 2021) ("To satisfy this exception, the prisoner must show he is in imminent danger 'at the time that he seeks to file his suit in district court . . . .'" (quoting *Medberry v. Butler*, 185 F.3d 1189, 1192–93 (11th Cir. 1999))).  Allegations of past harm do not satisfy the requirements of the statutory exception.  *Daker*, 999 F.3d at 1311; *see also Medberry*, 185 F.3d at 1193 ("[A] prisoner's allegation that he faced imminent danger sometime in the past is . . . insufficient.").  Additionally, generalized assertions, lacking "specific fact allegations" to demonstrate that serious physical injury is imminent, are insufficient to trigger the exception under § 1915(g).  *Medberry*, 185 F.3d at 1193; *see also Daker*, 999 F.3d at 1311 (holding that "[g]eneral assertions . . . are 'insufficient to invoke the exception to § 1915(g) absent specific fact allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury'" (quoting *Brown v. Johnson*, 387 F.3d 1344, 1350 (11th Cir. 2004))).  In assessing whether a prisoner has shown "imminent danger of serious physical injury" under § 1915(g), the court considers the complaint, in its entirety, "construing it liberally and accepting its allegations as true." *Daker*, 999 F.3d at 1311 (quoting *Brown*, 387 F.3d at 1350).

Although Plaintiff has filed an application for leave to proceed *in forma pauperis* (Doc. # 2), the complaint's allegations fail to demonstrate that Plaintiff meets the exception to the three-strikes provision under § 1915(g). In his complaint, Plaintiff does not allege that he is in any kind of danger, imminent or otherwise. His claims concern the ADOC's updated policy regarding inmates' personal mail. Specifically, Plaintiff does not like that inmates now receive their personal mail digitally, he is having issues with the tablet provided by IC Solutions, and his personal relationships have suffered from his not being able to communicate via handwritten letter. (*See* Doc. # 1.) These allegations, however, do not indicate that Plaintiff faced imminent danger of serious physical injury at the time he filed his complaint.[4] Accordingly, he does not meet the imminent-danger exception to the three-strikes provision under § 1915(g), and this case will be dismissed without prejudice.

### III. CONCLUSION

Plaintiff has filed at least three federal lawsuits while incarcerated that were dismissed for failure to state a claim upon which relief can be granted under 28 U.S.C. § 1915A(b)(1), and he has not shown that he was under imminent danger of

---

[4] "Under the 'prison mailbox rule,' a pro se prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing." *Williams v. McNeil*, 557 F.3d 1287, 1290 n.2 (11th Cir. 2009). Absent evidence to the contrary, the court must "assume that a prisoner delivered a filing to prison authorities on the date that he signed it." *Jeffries v. United States*, 748 F.3d 1310, 1314 (11th Cir. 2014). Plaintiff signed and dated his complaint "March 15, 2026." (*See* Doc. # 1-1 at 7.) Therefore, under the "prison mailbox rule," Plaintiff's complaint is deemed filed on March 15, 2026.

serious physical injury when he filed his complaint in this action. Therefore, Plaintiff was required to pay the $405.00 filing fee at the time of filing his complaint but failed to do so. Accordingly, it is ORDERED that this action is DISMISSED without prejudice under 28 U.S.C. § 1915(g).

Final Judgment will be entered separately.

DONE this 12th day of May, 2026.

                              /s/ W. Keith Watkins
                    UNITED STATES DISTRICT JUDGE