IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RODNEY ALVERSON,                    )
AIS # 132431,                       )
                                    )
        Plaintiff,                  )
                                    )
    v.                              )        CASE NO. 2:26-CV-198-WKW
                                    )                 [WO]
IC SOLUTIONS, *et al.*,             )
                                    )
        Defendants.                 )

## **ORDER**

On March 15, 2026,[1] Plaintiff Rodney Alverson commenced this action by filing a *pro se* 42 U.S.C. § 1983 complaint, an application for leave to proceed *in forma pauperis*, and his prisoner trust fund account statement.  (Docs. # 1–3.)  On May 12, 2026, this case was dismissed without prejudice because Plaintiff is a "three-striker" under the Prison Litigation Reform Act (PLRA) and he neither paid the required $405.00 filing fee at the time he initiated this action nor demonstrated that he was under imminent danger of serious physical injury at the time he filed his complaint.  (Doc. # 4.)  Before the court is Plaintiff's Motion for Reconsideration,

---

[1] "Under the 'prison mailbox rule,' a pro se prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing." *Williams v. McNeil*, 557 F.3d 1287, 1290 n.2 (11th Cir. 2009).  Absent evidence to the contrary, the court must "assume that a prisoner delivered a filing to prison authorities on the date that he signed it." *Jeffries v. United States*, 748 F.3d 1310, 1314 (11th Cir. 2014).  Plaintiff signed and dated his complaint "March 15, 2026." (*See* Doc. # 1 at 7, 8.)  Therefore, under the "prison mailbox rule," Plaintiff's complaint is deemed filed on March 15, 2026, even though it was not received and docketed until March 20, 2026.

which is deemed filed on May 20, 2026.[2]  (Doc. # 6.)  The motion is construed as a motion to alter or amend the judgment under Rule 59(e) of the Federal Rules of Civil Procedure or, alternatively, as a motion to vacate the judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure.  For the reasons to follow, the motion will be denied.

Rule 59(e)'s only grounds for altering or amending a judgment are "newly-discovered evidence or manifest errors of law or fact."  *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2009) (per curiam) (citation and internal quotation marks omitted).  Additionally, under Rule 60(b), a party may "seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances including fraud, mistake, and newly discovered evidence."  *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005).  For example, "under Rule 60(b)(1), a party may seek relief from a final judgment based on mistakes in the application of law."  *MacPhee v. MiMedx Grp., Inc.*, 73 F.4th 1220, 1251 (11th Cir. 2023).

Plaintiff complains that he has not been able to receive and read mail from friends and family due to the new personal-mail policy implemented by the Alabama Department of Corrections in October 2025.  He argues that, despite the court's determination to the contrary, he "is in imminent danger of serious physical injury

---

[2] Plaintiff signed his motion and dated it "May 20th 2026."  (Doc. # 6 at 2.)  Thus, under the prison mailbox rule, his motion is deemed field on May 20, 2026, even though it was received and docketed on May 26, 2026.  *See supra* note 1.

as such injury can be in the form of mental injury . . . or . . . mental anguish." (Doc. #4 at 1.) Eleventh Circuit case law, however, makes clear that 28 U.S.C. § 1915(g)'s imminent-danger exception does not encompass purely mental or emotional harm. *See, e.g.*, *Sutton v. Dist. Att'y's Off.*, 334 F. App'x 278, 279 (11th Cir. 2009) (per curiam) (holding that three-striker inmate-litigant's allegations that his physical health was endangered because his allegedly illegal conviction and sentence were causing him stress, anxiety, and depression were "insufficient to invoke the exception to § 1915(g) absent specific fact allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of serious physical injury" (quoting *Brown v. Johnson*, 387 F.3d 1344, 1350 (11th Cir. 2004))); *cf. O'Connor v. Backman*, 743 F. App'x 373, 376 (11th Cir. 2018) (per curiam) (holding that three-striker inmate-litigant's allegations of severe gastrointestinal issues and untreated gallstones satisfied § 1915(g)'s imminent-danger exception).

Furthermore, Plaintiff's purported First Amendment "right" to receive mail from friends and family exactly when and how he wishes is not the sort of fundamental right that would allow him to proceed *in forma pauperis* despite his three-striker status. *See Daker v. Jackson*, 942 F.3d 1252, 1258 (11th Cir. 2019) (per curiam) ("[Eleventh Circuit] case law indicates there may be situations in which waiver of the filing fee is constitutionally required for a three-strikes litigant, if a fundamental interest is involved." (citing *Miller v. Donald*, 541 F.3d 1091, 1096

3

(11th Cir. 2008); *Rivera v. Allin*, 144 F.3d 719, 724 (11th Cir. 1998), *overruled in part on other grounds by*, *Jones v. Bock*, 549 U.S. 199, 216–17 (2007))).  In *Daker*, a three-striker inmate brought suit under 42 U.S.C. § 1983, complaining about a jail policy banning hardcover books and that his rights had been violated when his legal mail was returned to sender.  *See id.* at 1255.  The *Daker* court held that, although the prisoner-litigant alleged violations of his constitutional rights to freedom of speech, religion, and access to the courts, those rights "d[id] not fit into one of the fundamental interests recognized in *Rivera*:  state controls and intrusions on family relationships or danger of serious bodily injury."[3]  *Id.* at 1258 (citing *Rivera*, 144 F.3d at 724).

In sum, Plaintiff still has not alleged that he was "under imminent danger of serious *physical* injury" at the time he filed his complaint.  *See* 28 U.S.C. § 1915(g) (emphasis added).  He also has not alleged any violation "of the type[] of fundamental interests that would warrant waiver of the filing fee irrespective of [his]

---

[3] Plaintiff alleges that his inability to read and receive mail from his friends and family "has destroyed his friend's and family relationships." (Doc. # 6 at 2.)  This is not the sort of state control and intrusion on family relationships contemplated in *Rivera*.  Rather, the *Rivera* Court identified divorce proceedings and proceedings to terminate parental rights as types of proceedings that involve "state controls or intrusions on family relationships."  144 F.3d at 724 (citing *M.L.B. v. S.L.J.*, 519 U.S. 102, 107 (1996) (appeal from a termination of parental rights could not be conditioned on the payment of a record-preparation fee); *Boddie v. Connecticut*, 401 U.S. 371, 373 (1971) (indigent married couple could not be denied access to divorce proceedings based on an inability to pay court fees)).  Importantly, the *Rivera* Court noted that unlike the three-striker in *Rivera* (and Plaintiff here), "neither the *M.L.B.* parent nor the *Boddie* couple had a history of abusing the judicial system." *Id.*

status as a three-strikes litigant." *Daker*, 942 F.3d at 1258.  Consequently, Plaintiff has not offered any basis for relief under Rule 59(e) or Rule 60(b) of the Federal Rules of Civil Procedure.

Based on the foregoing, it is ORDERED that Plaintiff's Motion for Reconsideration (Doc. # 6), which is construed as a Rule 59(e) motion to alter or amend the judgment or, alternatively, as a Rule 60(b) motion to vacate the judgment, is DENIED.

DONE this 1st day of June, 2026.

/s/ W. Keith Watkins
UNITED STATES DISTRICT JUDGE

5